

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER SHARKEY,<br><br>                Plaintiff,<br>v.<br><br>VERIZON NEW JERSEY INC.,<br><br>                Defendant. | Civil Action No.: 14-2788 (JLL)<br><br>**OPINION** |

    This matter comes before the Court by way of Plaintiff's motion to remand the matter to state court pursuant to 28 U.S.C. § 1447(c) [Entry No. 4]. This Court had referred Plaintiff's application to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (b)(1)(B). Magistrate Judge Dickson filed a Report and Recommendation in connection with said application on November 21, 2014 [Entry No. 12]. In particular, Magistrate Judge Dickson recommended that Plaintiff's motion to remand be granted and Plaintiff's request for attorney's fees be denied. On December 8, 2014, Defendant Verizon New Jersey Inc. ("Defendant" or "Verizon") filed an Objection to Magistrate Judge Dickson's November 21, 2014 Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below and due to the Court's inherent authority to manage its docket, the Court *sua sponte* dismisses Count Two of Plaintiff's Complaint *without prejudice* for failure to meet the Rule 8(a) pleading standard as set forth in *Twombly*, reserves on the issue of complete preemption, and provides Plaintiff with leave to file an Amended Complaint that cures the pleading deficiencies discussed herein **on or before January 17, 2015.** In the interim, the Court denies without prejudice

Plaintiff's motion to remand [Entry No. 4] and administratively terminates Magistrate Judge Dickson's corresponding Report and Recommendation [Entry No. 12].

1.  **Background**

    a.  **Factual Background**

Plaintiff was an employee of Defendant from December 1986 to the end of December 2013. (Comp. at ¶ 3). During his employment, Plaintiff worked as a Facilities Technician. (*Id.* at ¶ 4). (*Id.* at ¶ 4). Plaintiff injured his back in a work-related accident sometime in 1990. (*Id.* at ¶ 6). As a result of this injury, Plaintiff underwent three back surgeries, with the latest surgery being in 2003. (*Id.* at ¶¶ 6-7). After the most recent surgery in 2003, Plaintiff's physician imposed certain restrictions on him such as being permitted to climb polls or ladders and not lifting more than sixty lbs. (*Id.* at ¶ 7). Despite these restrictions, Plaintiff still worked on ground-mounted pedestals as a Facilities Technician until August 2013. (*Id.* at ¶ 8).

In or about September 2012, Verizon and AFL-CIO Locals 827 and 1944 agreed to adopt a Medical Restriction Leave of Absence Policy Amendment ("MR-LOAPA"). (*Id.* at ¶ 14). The agreed to MR-LOAPA concerned "the treatment of associate employees who are determined to be able to work but have medical restrictions that may prevent performance of all the essential functions of their normal assignment with or without reasonable accommodation." (*Id.* at ¶ 15). Of particular relevance to the instant case, the MR-LOAPA also provided that an employee who was "medically restricted" for more than 150 days and for whom another position was not available would, if eligible, be placed on a Medically Restricted Leave of Absence (MR-LOA) or a leave pursuant to the Family Medical Leave Act. (*Id.* at ¶ 16). When that leave thereafter expired, the employee would be terminated. (*Id.*). On or about August 13, 2013, Verizon

informed Plaintiff that as a result of his medical restrictions and the newly implemented MR-LOAPA, Plaintiff was not permitted to work as a Facilities Technician. (*Id.* at ¶¶ 17-19). Plaintiff was told he would be required to find a new position and if he failed to locate such a position by January 10, 2014, he would be placed on a Medically Restricted Leave of Absence for seven months, and then terminated. (*Id.* at ¶ 17). After being informed he was not permitted to work as a Facilities Technician in August 2013, Verizon gave Plaintiff light duty assignments such as riding in a truck with technicians or taking computer classes. (*Id.* at ¶ 19). Although Plaintiff attempted to locate another position at this time, he was unsuccessful. (*Id.* at ¶¶ 20-21). At the end of December 2013 Plaintiff elected to accept Verizon's "Special Enhanced Voluntary Separation Incentive Offer" and left the company. (*Id.* at ¶ 22).

b. **Procedural Background**

On or about March 24, 2014, Plaintiff filed the instant lawsuit against Defendant in the Superior Court, Law Division, Essex County, New Jersey, alleging a failure to accommodate Plaintiffs disability in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, et seq. ("NJLAD") and disparate treatment, also in violation of the NJLAD (Complaint, ¶¶ 23-45). Included in his disparate treatment claim, Plaintiff also alleged constructive discharge. (Plt's Br., ECF No. 4-1, at 14).

On or about May 01, 2014, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1441(a), asserting that Plaintiffs Complaint raises federal questions. (Notice Removal, ECF No. 1,¶ 22). Specifically, Defendant's Notice of Removal contends that removal is proper because Plaintiff's state law claims are completely preempted by the Labor Management Relations Act, 29 U.S.C. § 185, et. seq. ("LMRA"), "because their resolution requires an analysis and interpretation of a collective bargaining agreement ... between Verizon

NJ and the labor union representing Plaintiff." (*Id.* at ¶ 6). Defendant also asserts that removal is proper because Plaintiff's claims are also completely preempted the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq, ("ERISA"). (*Id.* at ¶ 7). In particular, Defendant argues that an analysis of Plaintiffs allegation of constructive discharge requires an interpretation and application of the terms of the ERISA governed Separation Offer that Plaintiff chose to participate in. (*Id.* at ¶ 16).

On May 19, 2014, Plaintiff Sharkey filed the instant motion to remand, contending that, pursuant to 28 U.S.C. § 1447(c), the current action must be remanded to state court because there is no federal question jurisdiction, nor any other basis for removal. (Pl. Br., ECF No. 4-1, at 8). Specifically, Plaintiff argues that his claims do not require interpretation of the collective bargaining agreement and therefore, are not subject to complete preemption under the LMRA. (*Id.* at 12-13). Instead, Plaintiff argues that his claims seek to vindicate "nonnegotiable state law rights" which are independent of Verizon's collective bargaining agreement. (*Id.* at 14).

In addition, Plaintiff contends that his acceptance of the Separation Offer, has no legal significance in this matter, and does not subject his claims to preemption under the LMRA or ERISA. (*Id.* at 15). In support of this position, Plaintiff highlights that the Separation Offer is not mentioned in either Count of the Complaint, and that his constructive discharge claim is evidenced not by the Separation Offer, but instead by, "the Policy Amendment (a/k/a MR-LOAPA); Verizon's refusal to permit him to work as a facilities technician; its reassignment of him to a series of less desirable, 'light duty' assignments; and its stated intent to place him on an unpaid medical leave and then terminate his employment." (*Id.* at 14, quoting Compl. ¶ 41). Lastly, Plaintiff argues the matter was improperly removed and requests that the Court award Plaintiff's counsel fees and costs "incurred as a result of the removal." (*Id.* at 15).

On June 02, 2014, Defendant filed an opposition to Plaintiffs Motion to Remand contending that the Court has federal question jurisdiction over the action. (Defs. Opp'n., ECF No. 6, at 5). Defendant maintains that Verizon's collective bargaining agreement is the basis for both Plaintiffs disparate treatment claim and failure to accommodate claim, and as such, both claims are preempted by § 301 of the LMRA. (*Id.* at 8). Defendant argues, "Plaintiffs Complaint ... alleges that the collectively-bargained provision itself is the discriminatory act giving rise to his disparate treatment claim and its application governs his failure to accommodate claim." (*Id.*). Based on this reasoning, Defendant argues Plaintiff's Counts "are inextricably intertwined the interpretation and application" of the collective bargaining agreement. (*Id.* at 11).

Moreover, Defendant argues that Plaintiffs constructive discharge allegation raises a federal question pursuant to both the LMRA and ERISA. (*Id.* at 12). Defendant contends that the constructive discharge claim is preempted by the LMRA because the Separation Offer that Plaintiff accepted is a collectively-bargained for benefit, which requires interpretation of the collective bargaining agreement in order to resolve. (*Id.*). Finally, Defendant argues that because the Separation Offer is an employee benefits plan governed by ERISA, "the Court will have to interpret and apply the terms of this ERISA plan" to analyze Plaintiff's constructive discharge claim. (*Id.* at 13).

On or about June 09, 2014, Plaintiff filed a Reply Brief in further support of his Motion Remand. (Plt's. Rep. Br., ECF No. 7). In his Reply, Plaintiff argues that the case does not involve the interpretation of the collective bargaining agreement. (*Id.* at 7). In fact, Plaintiff argues that the terms and meaning of the MR-LOAPA are not in dispute and thus the "meaning of the contract terms is clearly not the subject of the dispute in this matter."(*Id.* at 9). Therefore, Plaintiff asserts that the analysis is not determinative of the meaning of the MR-LOAPA, but

instead of the "actual events which transpired between plaintiff and defendant." (*Id.* at 10). Plaintiff urges that the key inquiry in this matter is "the actions and motivations of the parties relative to rights conferred by state law ... " (*Id.* at 10). In support of this position, Plaintiff emphasizes that parties to a collective-bargaining agreement do not have the ability to contract for what is illegal under state law. (*Id.* at 8).

Furthermore, Plaintiffs Reply adamantly contends that Defendant misunderstands Plaintiff to have alleged that his acceptance of the Separation Offer constituted a constructive discharge. (*Id.* at 11 ). Plaintiff reiterates in his Reply that "the EISP and any definitions in the CBA are completely immaterial to Plaintiffs claims for failure to accommodate his disability disparate treatment and play no role in determining whether Plaintiff was constructively discharged." (*Id.* at 12). Lastly, Plaintiff, noting that Defendant has failed to address or oppose his request, once again asks that the Court award Plaintiff's counsel fees and costs pursuant to 28 U.S.C. § 1447(c). (*Id.* at 12).

Plaintiff filed a motion to remand on May 19, 2014. (ECF No. 4). This Court referred Plaintiff's motion to remand to Magistrate Judge Joseph A. Dickson, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 21, 2014, recommending that Plaintiff's motion for remand be granted and his motion for attorney's fees be denied. (ECF No. 12). Currently before this Court is Magistrate Judge Dickson's November 21, 2014 Report and Recommendation, as well as Defendant's objection thereto.

2. **Legal Standard**

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1c(2). The

district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); *see also* L. Civ. R. 72.1c(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have the force of law unless and until the district court enters an order accepting or rejecting it. *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The standard of review of a magistrate judge's determination depends upon whether the motion is dispositive or non-dispositive. For dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. 28 U.S.C. § 636(b)(1) (c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1c(2).

3. **Discussion**

The Court begins its analysis by noting that because Plaintiff's Complaint relies solely on state law, the well-pleaded complaint rule would ordinarily bar removal of this action. *See, e.g., Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 (3d Cir. 1990). However, removal is proper if § 301 of the LMRA completely preempts Plaintiff's state law claim(s). *Id.* Generally speaking, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed [*with* prejudice] as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220-221 (1985). Stated differently, "[s]tate law claims are completely preempted by the LMRA when the claims are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract. . . .' " *Johnson v. NBC Universal, Inc.,* 409 Fed. Appx. 529 (3d Cir. 2010) (quoting *Lueck,* 471 U.S. at

220). However, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Thus, in order to resolve the issue of complete preemption—which is not only the basis of Plaintiff's motion to remand and Defendant's objection to Magistrate Judge Dickson's Report and Recommendation, but also dispositive of whether or not this Court has jurisdiction to hear this action—the Court must turn to Plaintiff's claims to consider, *inter alia*, whether their resolution substantially depends on the analysis or interpretation of the relevant collective bargaining agreement.

In recommending that Plaintiff's motion to remand be granted, Magistrate Judge Dickson found, in pertinent part, the following regarding § 301 preemption:

> Ultimately, the issue here is whether the right not to be discriminated against based on a disability under state law exists independently of any collective bargaining agreement. The parties agree on the interpretation and operation of the collective bargaining provision in question. In fact, plaintiff, as master of the complaint, has not challenged the interpretation of the collective bargaining agreement. Instead, Plaintiff is complaining of Verizon's allegedly discriminatory actions…In addition, it is well established under *Caterpillar* that employees have the option of vindicating their interests by means of either a §301 action or an action brought under state law, as long as the state law action pleaded does not require interpretation of the collective bargaining agreement. Plaintiff makes it clear that the 'key inquiry will be into the actions and motivations of the parties relative to rights conferred by state law…not the rights of the parties under the collective bargaining agreement.'
> 
> ***
> 
> Moreover, even if Plaintiff's claims are interpreted as challenging the legality of the MR-LOAPA provision in the collective bargaining agreement, Courts have interpreted the case law finding LMRA preemption in such cases, as not standing for the "broad proposition that every claim challenging the legality of a provision in a CBA must be preempted under the LMRA."…Instead these cases have been interpreted to "stand simply for the unremarkable proposition that an application of state law is preempted by § 301 of the LMRA only if such application requires the interpretation of a collective bargaining agreement."

> \*\*\*
> Whether or not Plaintiff can meet [the elements required in any LAD disability discrimination claim] can be determined without examining the collective bargaining agreement. Therefore, because the resolution of Plaintiff's failure to accommodate and disparate treatment claims will not involve analysis or interpretation of the collective bargaining agreement between Verizon and Plaintiff's union, Plaintiff's claims of failure to accommodate and disparate treatment are not preempted under § 301 of the LMRA.

(Report and Recommendation at 11-13).

Defendant Verizon objects to Magistrate Judge Dickson's November 21, 2014 Report and Recommendation, and explicitly his finding regarding § 301 preemption. Specifically, Defendant contends that had Magistrate Judge Dickson focused on what Plaintiff actually pled in the Complaint, as opposed to Plaintiff's argument in his brief, Magistrate Judge Dickson would have found that the allegations in the Complaint are 'inextricably intertwined with consideration of terms of the labor contract" and that Plaintiff's claims are, therefore, preempted. (*See* Verizon Objection at 6). Moreover, Defendant asserts that the Complaint directly challenges the terms and application of the MR-LOAPA and requires for its resolution an interpretation of the CBA. (*Id.* at 8).

In order to establish a prima facie case of disability discrimination for *failure to accommodate* under the NJLAD, a plaintiff must first present the prima facie elements required in any LAD disability discrimination claim: (1) plaintiff was disabled within the meaning of the statute; (2) plaintiff was qualified to perform the essential functions of the position of employment [with or without accommodation]; and (3) plaintiff suffered an adverse employment action because of the disability. *Victor v. State,* 401 N.J.Super. 596, 614, 952 A.2d 493 (App.Div.2008), *cert. granted,* 199 N.J. 542, 973 A.2d 946 (2009). Under the NJLAD, an employer "must make a reasonable accommodation to the limitations of a handicapped employee

or applicant unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business." *Soules v. Mt. Holiness Memorial Park*, 354 N.J.Super. 569, 577, 808 A.2d 863 (App.Div.2002) (internal citations omitted). Moreover, In order to establish a prima facie case for allegations of *disparate treatment*, a plaintiff must establish that: (1) he belongs to a protected class; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment action. *El-Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J.Super. 145, 167, 887 A.2d 1170 (App.Div.2005).

Having carefully considered the parties' arguments, the Court finds that it cannot rule on the issue of complete preemption at this time because Count One and Two of Plaintiffs Complaint, as currently drafted, fails to allege facially plausible claims of disparate treatment and failure to accommodate under the NJLAD. In particular, Plaintiff's Complaint does not articulate sufficient facts that allow the Court to draw the reasonable inference that Plaintiff suffered an adverse employment action. Although the Court agrees, as a general matter, with Magistrate Judge Dickson that the overarching issue of whether or not Plaintiff can meet the elements of the claims under the NJLAD can, in theory, be determined without examining the collective bargaining agreement at issue. It is not entirely clear to this Court, however, whether Plaintiff's theory of the case is that the terms of the MR-LOAPA, *itself*, caused the adverse employment action, or if the actions taken as a result of the policy changes caused the adverse employment action in either Count. *See, e.g.,* Compl., ¶¶ 38-39 (alleging, *inter alia,* that "The [MR-LOAPA] Policy Amendment…caused a significant, non-temporary, adverse change in [Plaintiff's] employment status and/or the terms and conditions of employment."). Should Plaintiff's adverse employment action have been caused by the MR-LOAPA Policy Amendment,

the Court does not see how it could assess the validity of the claim without analyzing the MR-LOAPA.

Absent such factual content, Plaintiff has failed to plead facially plausible claims of disparate treatment and failure to accommodate under NJLAD, and, most critically, the Court is not in a position to determine whether resolution of Counts One and Two are substantially dependent on the interpretation of any provision of the relevant CBA. Although Plaintiff is the master of his own Complaint,[1] "a plaintiff cannot escape preemption merely by failing to plead essential elements of its case." *Berda v. CBS. Inc.*, 881 F.2d 20, 25 (3d Cir. 1989). Only by understanding the true contours of Plaintiff's claims of disparate treatment and failure to accommodate, will this Court be in a position to properly assess whether such claim "substantially" depends on the analysis of any particular terms of the relevant CBA—and thus to determine whether Count One and Two are completely preempted by § 301 of the LMRA. *Lueck,* 471 U.S. at 220; *see generally Livadas*, 512 U.S. at 124 ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.").

For similar reason, the Court is not able to assess Defendant's argument regarding ERISA preemption either. Section 514(a) of ERISA preempts "any and all laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. 1144(a). The Supreme Court has established that a law "relates to" an employee benefits plan if it has a "connection with or in reference to" such plan. *Shaw v. Delta Airlines, Inc.,* 463 U.S. 85, 90-91, S.Ct. 2890, 2895. Because the Court cannot determine whether the adverse employment action "relates to" the

---

[1] *See generally Caterpillar Inc. v. Williams*, 482 U.S. 386, 395 (1987) ("It is true that respondents, bargaining unit members at the time of the plant closing, possessed substantial rights under the collective agreement, and could have brought suit under § 301. As masters of the complaint, however, they chose not to do so.").

MR-LOAPA because of Plaintiff's pleadings, the Court is not in a position to determine whether ERISA preempts Plaintiff's state law claims at this time.

In light of the foregoing, the Court *sua sponte* dismisses Count One and Two of Plaintiff's Complaint without prejudice for failure to meet the Rule 8(a) pleading standard as set forth in *Twombly*. The Court will reserve on the issue of complete preemption at this time.[2] Plaintiff may file an Amended Complaint that cures the pleading deficiencies discussed above **on or before January 17, 2015.** Plaintiff's failure to do so may result in dismissal of the original Complaint with prejudice, upon application by the Defendants. In the interim, Plaintiff's motion to remand [Entry No. 4] is denied without prejudice (and Magistrate Judge Dickson's Report and Recommendation [Entry No. 12] is administratively terminated).

### 4. Conclusion

For the reasons set forth above and due to the Court's inherent authority to manage its docket, the Court *sua sponte* dismisses Count One and Two of Plaintiff's Complaint *without prejudice* for failure to meet the Rule 8(a) pleading standard as set forth in *Twombly,* reserves on the issue of complete preemption, and provides Plaintiff with leave to file an Amended Complaint that cures the pleading deficiencies discussed herein **on or before January 17, 2015.** In the interim, the Court denies without prejudice Plaintiff's motion to remand [Entry No. 4] and administratively terminates Magistrate Judge Dickson's corresponding Report and Recommendation [Entry No. 12].

An appropriate Order accompanies this Opinion.

---

[2] Although the Court would ordinarily resolve the jurisdictional question of complete preemption before addressing the facial plausibility of Plaintiff's claim(s), for the reasons stated above, the Court concludes that it cannot rule on the issue of whether Count One is completely preempted by § 301 of the LMRA until Plaintiff pleads sufficient facts to establish the grounds upon which such claim rests. *See generally Berda*, 881 F.2d at 25 ("The complaint must be 'well-pleaded;' thus a plaintiff cannot escape preemption merely by failing to plead essential elements of its case.").

Date:  December 18, 2014

<u>s/ Jose L. Linares</u>
Jose L. Linares
United States District Judge