<u>NOT FOR PUBLICATION</u>

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER SHARKEY,<br><br>    Plaintiff,<br><br>v.<br><br>VERIZON NEW JERSEY INC.,<br><br>    Defendant. | Civil Action No. 14-2788(JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge**.**

   This matter comes before the Court by way of Plaintiff's motion to remand the matter to state court pursuant to 28 U.S.C. § 1447(c) [ECF No. 21]. This Court referred Plaintiff's application to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Dickson filed a Report and Recommendation in connection with said application on March 18, 2015 [ECF No. 31]. In particular, Magistrate Judge Dickson recommended that Plaintiff's motion to remand be granted and Plaintiff's request for attorney's fees be denied. On April 1, 2015, Defendant Verizon New Jersey Inc. ("Defendant" or "Verizon") filed an Objection to Magistrate Judge Dickson's March 18, 2015 Report and Recommendation. The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Judge Dickson's March 18, 2015 Report and Recommendation is hereby adopted as the findings of fact and conclusions of law of this Court and Plaintiff's motion to remand is granted.

I.      Background

a. Factual Background

Plaintiff was an employee of Defendant from December 1986 to the end of December 2013. (Amd. Comp. at ¶ 6). During his employment, Plaintiff worked as a Facilities Technician. (*Id.* at ¶ 7). Plaintiff injured his back in a work-related accident sometime in 1990. (*Id.* at ¶ 9). As a result of this injury, Plaintiff underwent three back surgeries, with the latest surgery being in 2003. (*Id.* at ¶¶ 9-10). After the most recent surgery, Plaintiff's physician imposed certain restrictions on him, such as being permitted to climb polls or ladders and not lifting more than sixty lbs. (*Id.* at ¶ 10). Despite these restrictions, Plaintiff still worked on ground-mounted pedestals as a Facilities Technician until August 2013. (*Id.* at ¶ 11).

In or about September 2012, Verizon and AFL–CIO Locals 827 and 1944 agreed to adopt a Medical Restriction Leave of Absence Policy Amendment ("MR–LOAPA"). (*Id.* at ¶ 17). The agreed to MR–LOAPA concerned "the treatment of associate employees who are determined to be able to work but have medical restrictions that may prevent performance of all the essential functions of their normal assignment with or without reasonable accommodation." (*Id.* at ¶ 18). Of particular relevance to the instant case, the MR–LOAPA also provided that an employee who was "medically restricted" for more than 150 days and for whom another position was not available would, if eligible, be placed on a Medically Restricted Leave of Absence (MR–LOA) or a leave pursuant to the Family Medical Leave Act. (*Id.* at ¶ 16). When that leave thereafter expired, the employee would be terminated. (*Id.*). On or about August 13, 2013, Verizon informed Plaintiff that as a result of his medical restrictions and the newly implemented MR–LOAPA, Plaintiff was no longer permitted to work as a Facilities Technician. (*Id.* at ¶ 20). Plaintiff was told he would be required to find a new position, and if he failed to locate such a position by January 10, 2014, he would be placed on a Medically Restricted Leave of Absence

2

for seven months, and then terminated. (*Id.* at ¶ 21). Verizon subsequently gave Plaintiff light duty assignments such as riding in a truck with technicians or taking computer classes. (*Id.* at ¶ 22). Although Plaintiff attempted to locate another position at this time, he was unsuccessful. (*Id.* at ¶¶ 23–24). At the end of December 2013 Plaintiff elected to leave the company. (*Id.* at ¶ 22).

**b. Procedural Background**

On or about March 24, 2014, Plaintiff filed the instant lawsuit against Defendant in the Superior Court, Law Division, Essex County, New Jersey, alleging a failure to accommodate Plaintiff's disability in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5–1, et seq. ("NJLAD") and disparate treatment, also in violation of the NJLAD (Amd. Cmp., ¶¶ 26–46).[1] Included in his disparate treatment claim, Plaintiff also alleged constructive discharge. On or about May 01, 2014, Defendant removed the instant action to this Court pursuant to 28 U.S.C. § 1441(a), asserting that Plaintiff's Complaint raises federal questions. (Notice of Removal, ECF No. l, ¶ 22).

On May 19, 2014, Plaintiff Sharkey filed a motion to remand, contending that, pursuant to 28 U.S.C. § 1447(c), the current action must be remanded to state court because there is no federal question jurisdiction, nor any other basis for removal. (ECF No. 4). This Court referred Plaintiff's motion to remand to Magistrate Judge Joseph A. Dickson, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 21, 2014, Magistrate Judge Dickson filed a Report and Recommendation, recommending that Plaintiff's motion to remand be granted and his motion for attorney's fees be denied. (EDF No. 12). On December 8, 2014, Defendant filed an Objection to

---

[1] Plaintiff's original Complaint also contained what appeared to be an ERISA claim, which Plaintiff has decided not to include in his Amended Complaint.

Magistrate Judge Dickson's November 21, 2014 Report and Recommendation. (ECF No. 16). Upon consideration of the Report and Recommendation and Defendant's objections thereto, this Court denied Plaintiff's motion to remand and dismissed the Complaint without prejudice to Plaintiff's right to file an Amended Complaint. (ECF No. 17). On January 16, 2015, Plaintiff filed an Amended Complaint. (ECF No. 19).

On January 22, 2015, Plaintiff filed a second motion to remand, which was also referred to Magistrate Judge Dickson for a Report and Recommendation. (ECF No. 21). On March 18, 2015, Judge Dickson filed a Report and Recommendation recommending that Plaintiff's second motion to remand be granted in part and denied in part. (ECF No. 31). Specifically, Judge Dickson concluded that none of Plaintiff's claims are subject to preemption, and that therefore, this matter should be remanded, but that Plaintiff's request for attorney's fees should be denied.[2] (*Id.*).

## II.   Legal Standard

When a magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72; L. Civ. R. 72.1c(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(c); see also L. Civ. R. 72.1c(2). A Report and Recommendation does not have the force of law unless and until the district court

---

[2]  Plaintiff has not filed an objection to the portion of the Report and Recommendation which denied him attorney's fees. Accordingly, the Court adopts the Report and Recommendation with respect to such.

enters an order accepting or rejecting it.  *See United Steelworkers of Am. v. N.J. Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir.1987).

When a litigant files an objection to a Report and Recommendation, the district court must make a de novo determination of those portions to which the litigant objects.  28 U.S.C. § 636(b)(1)(c); Fed.R.Civ.P. 72(b); L. Civ. R. 72.1c(2).

Under 28 U.S.C § 1441, a party may remove a civil action from state court to federal court if the district court has original jurisdiction over the action and the party removing the action does so within thirty days after receipt of the initial pleading.  An action may be removed if it includes a claim arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1441(a).  A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. Of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  Federal question jurisdiction "will lie over some state-law claims that implicate significant federal issues." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).  In determining whether federal jurisdiction exists over a state law claim, the inquiry is "does the state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

### III.   Discussion

The Court begins its analysis by noting that Plaintiff's Complaint relies solely on state law, and the well-pleaded complaint rule would ordinarily bar removal of this action.  *See*, *e.g.*, *Krashna v. Oliver Realty, Inc.*, 895 F.2d 111, 114 (3d Cir. 1990).  However, removal is proper if

5

§ 301 of the LMRA completely preempts Plaintiff's state law claim(s). *Id.* Generally speaking, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed [with prejudice] as pre-empted by federal labor-contract law." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–221. Stated differently, "[s]tate law claims are completely preempted by the LMRA when the claims are 'substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract. . . .'" *Johnson v. NBC Universal, Inc.*, 409 Fed. Appx. 529, 531 (3d Cir. 2010) (quoting *Lueck*, 471 U.S. at 220). However, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994). Thus, in order to resolve the issue of complete preemption—which is not only the basis of Plaintiff's motion to remand and Defendant's objection to Magistrate Judge Dickson's Report and Recommendation, but also dispositive of whether or not this Court has jurisdiction to hear this action—the Court must turn to Plaintiff's claims to consider, *inter alia*, whether their resolution substantially depends upon the analysis or interpretation of the relevant collective bargaining agreement.

In recommending that Plaintiff's motion to remand be granted, Judge Dickson determined, in pertinent part, that "Plaintiff does not challenge the validity or legal impact of the MR-LOAPA at all;" rather, "Plaintiff bases his cause of action solely on Defendant's alleged conduct, not the content or effect of the MR-LOAPA, as is his right as master of the complaint under governing Supreme Court precedent." (Report and Recommendation at 12-13). Therefore, with respect to Plaintiff's failure to accommodate claim, Magistrate Judge Dickson

6

found that Plaintiff's claim as pled "neither seeks relief in connection with the parties' collective-bargaining agreement nor requires any interpretation of that agreement. Rather, Plaintiff's claim is based on an independent right created under New Jersey state law." (*Id.* at 14-15). With regard to Plaintiff's disparate treatment claim, Judge Dickson, after listing the specific adverse employment actions alleged by Plaintiff in the Amended Complaint, determined that "[s]imply put, Plaintiff alleges only that Defendant's specifically enumerated actions violated his rights under the NJLAD. His claim is neither 'founded directly on rights created by a collective-bargaining agreement[]', nor 'substantially dependent on analysis of a collective-bargaining agreement.'" (*Id.* at 16) (internal citations omitted). Accordingly, Magistrate Judge Dickson found that neither of Plaintiff's claims are subject to preemption under § 301 of the LMRA.

Defendant objects to Judge Dickson's March 18, 2015 Report and Recommendation. Specifically, Defendant contends that the alleged adverse actions are caused by the MR–LOAPA and resolution of Plaintiff's claims requires an interpretation of the CBA. The Court disagrees.

In order to establish a *prima facie* case of disability discrimination for failure to accommodate under the NJLAD, a plaintiff must first present the *prima facie* elements required in any LAD disability discrimination claim: (1) plaintiff was disabled within the meaning of the statute; (2) plaintiff was qualified to perform the essential functions of the position of employment [with or without accommodation]; and (3) plaintiff suffered an adverse employment action because of the disability. *Victor v. State*, 401 N.J.Super. 596, 614 (App. Div. 2008), *cert. granted*, 199 N.J. 542 (2009). Under the NJLAD, an employer "must make a reasonable accommodation to the limitations of a handicapped employee or applicant unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business." *Soules v. Mt. Holiness Memorial Park*, 354 N.J.Super. 569, 577, 808 A.2d 863 (App.

Div. 2002) (internal citations omitted).  Moreover, in order to establish a *prima facie* case for allegations of disparate treatment, a plaintiff must establish that: (1) he belongs to a protected class; (2) he was performing his job at a level that met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) others not within the protected class did not suffer similar adverse employment action.  *El–Sioufi v. St. Peter's Univ. Hosp.*, 382 N.J.Super. 145, 167 (App. Div. 2005).

  The Court finds that each of the elements of each of Plaintiff's claims can be resolved without interpretation of the collective-bargaining agreement at issue in this case.  The facts alleged in Plaintiff's Amended Complaint indicate that Plaintiff's claims are based solely on the actions taken by Defendant in rescinding a prior accommodation and constructively discharging him when he was qualified to perform the essential functions of his job.  The Court agrees with the Magistrate Judge that Plaintiff's claims are neither founded directly on rights established by the collective-bargaining agreement, nor dependent upon an analysis of the collective-bargaining agreement.  Moreover, as Judge Dickson aptly noted, Defendant cannot trigger § 301 preemption simply on the basis that it may defend against Plaintiff's state law claims by invoking the MR-LOAPA.  *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.  Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.") (internal quotations omitted).  The Court therefore finds that Judge Dickson's R&R correctly applied Plaintiff's pleading to the law and properly concluded it should be remanded.

## IV. Conclusion

Having thoroughly reviewed Magistrate Judge Dickson's March 18, 2015 Report and Recommendation, including Defendant's objection thereto, this Court hereby adopts said Report and Recommendation as the findings of fact and conclusions of law of this Court, as explained more fully above, and thus grants Plaintiff's motion to remand this matter to the Superior Court of New Jersey, Law Division, Essex County, and denies Plaintiff's motion for attorney's fees (ECF No. 21).

An appropriate Order accompanies this Opinion.

DATED: April 13, 2015

s/ Jose L. Linares<br>
JOSE L. LINARES<br>
U.S. DISTRICT JUDGE